**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

IVAN LEE PAGE,

       Plaintiff,

v.                                                                      Case Number: 09-CV-14836
                                                                        Honorable Nancy G. Edmunds

BARRY WOLF,

       Defendant.

_____/

**OPINION AND ORDER**
**DISMISSING 42 U.S.C. §1983 CIVIL RIGHTS COMPLAINT**
**AND DENYING MOTION FOR APPOINTMENT OF COUNSEL**

Plaintiff Ivan Lee Page, a state prisoner incarcerated at the Kinross Correctional Facility in Kincheloe, Michigan, filed a *pro se* civil rights complaint pursuant to 42 U.S.C. § 1983, as well as a motion for the appointment of counsel. Plaintiff is proceeding without prepayment of the filing fee under 28 U.S.C. § 1915(a)(1). In his complaint, Plaintiff alleges that defendant attorney Barry Wolf rendered ineffective assistance in his representation of him in his criminal trial. Plaintiff was convicted of first-degree, premeditated murder, in January 2009. Plaintiff argues that defendant Wolf allowed perjured testimony of the prosecution's main witness, failed to call a DNA expert, failed to properly investigate and prepare for trial, and failed to object to the many instances of prosecutorial misconduct. Plaintiff seeks compensatory and punitive damages.

After careful consideration, the Court dismisses the complaint, pursuant to 28 U.S.C. § 1915(e)(2),[1] because Plaintiff fails to state a claim upon which relief may be granted. The

_____

[1]28 U.S.C. § 1915(e)(2) provides, in pertinent part:

(2) Notwithstanding any filing fee, or any portion thereof, that may have

Court also denies Plaintiff's motion for appointment of counsel.

## I.

The essential elements of a claim under 42 U.S.C. § 1983 are that the conduct complained of: (1) was committed by a person acting under color of state law, and (2) deprived plaintiff of rights, privileges or immunities secured by the Constitution or laws of the United States. *Parratt v. Taylor*, 451 U.S. 527, 535 (1981). "Absent either element, a section 1983 claim will not lie." *Christy v. Randlett*, 932 F.2d 502, 504 (6th Cir. 1991). To be a "state actor," a party's actions must be "'fairly attributable to the state.'" *Ellison v. Garbarino*, 48 F.3d 192, 195 (6th Cir. 1995) (quoting *Lugar v. Edmundson Oil Co.*, 457 U.S. 922, 937 (1982)).

Attorneys representing clients in criminal actions do not act under color of law for § 1983 purposes, even where such attorneys are appointed by the government to represent the criminal defendant. *Polk County v. Dodson*, 454 U.S. 312 (1981). Thus, Wolf was not acting under color of state law in acting as Plaintiff's defense attorney. However, "private citizens acting in concert with state officials may be subject to § 1983 liability." *Horton v. Martin*, 137 F.App'x 773, 774 (6th Cir. 2005) (citing *Dennis v. Sparks*, 449 U.S. 24, 27-28 (1980)). Plaintiff does not assert that Wolf acted in concert with the prosecutor and trial court judge to deny him a fair trial.

---

been paid, the court shall dismiss the case at any time if the court determines that- . . .

    (B) the action or appeal- . . .

        (ii) fails to state a claim upon which relief may be granted; . . .

To the extent that Plaintiff claims that his conviction is invalid because he received ineffective assistance of counsel, he fails to state a claim upon which relief may be granted under 42 U.S.C. § 1983.  A judgment in favor of Plaintiff on this issue would necessarily imply the invalidity of his continued confinement.  In *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994), the Supreme Court held such claims to be improper under 42 U.S.C. § 1983:

> [W]hen a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless plaintiff can demonstrate that the conviction or sentence has already been invalidated.

A petition for a writ of habeas corpus provides the appropriate vehicle for challenging the fact or duration of a prisoner's confinement.  *Preiser v. Rodriguez*, 411 U.S. 475, 486-87 (1973).  Thus, if Plaintiff wishes to assert a claim that he was deprived of his right to the effective assistance of counsel, he must do so by filing a habeas corpus petition under 28 U.S.C. § 2254.  The Court declines to construe Plaintiff's complaint as a habeas petition because he does not allege that his claims are exhausted.  *See Parker v. Phillips*, 27 F.App'x 491, 494 (6th Cir. 2001).  Further, the Court declines to construe the complaint as a habeas petition because Plaintiff may want to assert additional or different claims for relief in a habeas petition than those contained in the complaint.

3

II.

Against that backdrop, the Court **DISMISSES** the complaint pursuant to 28 U.S.C. § 1915(e)(2), for failure to state a claim upon which relief may be granted. Given this determination, the Court also **DENIES** Plaintiff's motion for appointment of counsel.

**SO ORDERED**.

s/Nancy G. Edmunds
Nancy G. Edmunds
United States District Judge

Dated: January 14, 2010

I hereby certify that a copy of the foregoing document was served upon counsel of record on January 14, 2010, by electronic and/or ordinary mail.

s/Carol A. Hemeyer
Case Manager